David C. Larkin  #006644
DAVID C. LARKIN, P.C.
4645 South Lakeshore Drive, Suite 6
Tempe, Arizona  85282
Telephone (480) 491-2900
Fax (480) 755-4825
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher Richey,<br><br>        Plaintiff,<br><br>vs.<br><br>Best IT.com, Inc., an Arizona corporation, Harry Curtin,<br><br>        Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff Christopher Richey hereby alleges as follows:

1. Plaintiff Christopher Richey is, and at all times material hereto was, a resident of Maricopa County, Arizona.

2. Defendant Best IT.com, Inc. ("Best IT") is and at all times material herein, was an Arizona corporation doing business in Maricopa County.

3. Defendant Harry Curtin is and at all times material hereto was a resident of Maricopa County, Arizona.

4. At all times material hereto, defendant Harry Curtin was President and CEO of defendant Best IT and was an "employer" as defined in 29 U.S.C. § 203(d), along with defendant Best IT.com, Inc., who employed plaintiff.

5. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.  This action arises, *inter alia,* under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 *et seq*.), hereinafter referred to as the FLSA.  Any and all acts alleged herein arose in Maricopa County.

1    6.    Plaintiff Richey was employed by Best IT from in and around April 2009 until May 14, 2010 as an information technology support technician.

7.    From in and around April 2009 through May 14, 2010, plaintiff was required to work in excess of 40 hours in a week without being paid overtime wages in accordance with the FLSA for the hours worked in excess of 40. He was paid a salary for forty hours of work in a week, and was not paid for hours worked in excess of 40 hours in a week.

**COUNT ONE -**
**FAIR LABOR STANDARDS ACT CLAIM**
**FOR OVERTIME PAY**

8.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 7 above, as though each of said allegations were fully set forth herein.

9.    At all times mentioned herein, defendants employed and continue to employ, employees in and about their place of business in, among other duties, preparing, transmitting, mailing or receiving reports, letters, correspondence, invoices, telephone calls, emails, and other communications to and from points outside the State of Arizona and in using the facilities and means of commerce, providing IT services to clients residing in various states in interstate commerce. Said employees, and Best IT, by reason of these and other activities, were and are engaged in commerce within the meaning of the FLSA. Furthermore, plaintiff himself engaged in interstate commerce in his work for defendants, traveling to California on one occasion to meet with a Best IT client and communicating by telephone and email with Best IT clients outside the State of Arizona.

10.   During the term of his employment, plaintiff was a non-exempt employee pursuant to the FLSA, who worked not less than 60 hours per week, was paid an annual salary of $26,000 and he was paid for only 40 hours of work per week. This was confirmed in a May 27, 2010 email from the Best IT Financial Operations Manager who wrote, inter alia: "As a salaried employee, you are paid for 80 hours every two weeks, which breaks down to 8 hours per day for a 5 day work week, regardless of if 2 or 10 hours per day are worked." Plaintiff was not paid for hours worked in excess of 40 hours in a week and was not paid FLSA overtime premium for hours worked in excess of 40 hours in a week.

1    11.    Throughout the term of plaintiff's employment, defendant Best IT willfully violated the provisions of Section 7 of the FLSA (29 U.S.C. § 207) by failing to pay overtime wages to plaintiff for hours he worked in excess of 40 hours in a week for each of the weeks in which he did so work.

12.    In accordance with the FLSA, plaintiff is entitled to unpaid overtime wages in an amount not less than $21,000, according to proof.

13.    By reason of the willful violations alleged herein, pursuant to Section 16(c) of the FLSA (29 U.S.C. § 216(c)), defendants, and each of them, have also become liable to plaintiff for liquidated damages in an amount equal to the amount of unpaid overtime compensation found by the Court.

14.    In accordance with the FLSA, plaintiff is entitled to his attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court to enter judgment for plaintiff Richey against defendants Best IT and Curtin, and each of them, as follows:

A.    That this Court award plaintiff his back pay for unpaid overtime wages and liquidated damages under the FLSA against defendant Best IT and Curtin in a total amount in excess of $42,000 according to proof.

B.    That this Court award plaintiff his court costs and reasonable attorneys' fees herein incurred, pursuant to the FLSA.

C.    That this Court award pre-judgment and post-judgment interest on the amounts set forth in paragraphs "A" and "B" above, at the highest rate permitted by law.

D.    That this Court grant such other and further relief as this Court may deem just and proper.

Dated this  9th  day of June, 2010.

                    DAVID C. LARKIN, P.C.

                    By:  s/ David C. Larkin
                         David C. Larkin
                         Attorney for Plaintiff